814 F.2d 655
 124 L.R.R.M. (BNA) 2952
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
GROUND BREAKERS, INC., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 86-3105.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 27, 1987.
Decided March 17, 1987.
 
 N.L.R.B.
 ENFORCEMENT GRANTED.
 On Petition for Review and Cross-Application for Enforcement of an Order of the National Labor Relations Board.
 Robert M. Steptoe, Jr.; Richard M. Yurko, Jr.; Steptoe & Johnson, on brief), for petitioner.
 Rosemary M. Collyer, General Counsel, National Labor Relations Board; John E. Higgins, Jr., Deputy General Counsel; Robert E. Allen, Associate General Counsel; Elliott Moore, Deputy Associate General Counsel; Howard E. Perlstein, Supervisory Attorney; Stephen C. Smith, on brief), for respondent.
 Before WINTER, Chief Judge, RUSSELL, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ground Breakers, Inc. petitions to review and set aside an order of the National Labor Relations Board which found that Ground Breakers had violated Secs. 8(a)(5) and (1) of the NLRA (the Act) by refusing to furnish the United Mine Workers of America, District 31 (the union), with information requested by the union relevant to the evaluation of employee grievances and by excluding an agent of the union from a meeting of the committee established to resolve the grievance. The NLRB cross-applied for enforcement of its order. We grant enforcement of the Board's order.
 
 I.
 
 2
 The collective bargaining agreement between Ground Breakers and Local 31, which expired on September 30, 1984, contained a provision establishing a grievance and arbitration procedure to resolve all disagreements between the company and the union. It had been negotiated by a multi-employer association, Coal Mining Contractors, and later signed by Ground Breakers. Prior to expiration of the contract, Ground Breakers, in violation of the agreement, allegedly used two employees to perform duties covered by the collective bargaining agreement without paying the employees union wages.
 
 
 3
 In December, after the contract expired, the two employees brought the matter to the attention of the union's business agent Ricky Yanero. After a brief investigation, Yanero requested information from the company's President regarding the company's employees and the numbers of hours that they had worked on specific projects. Ground Breakers refused to provide all of the requested information on the ground that the collective bargaining agreement between the parties had lapsed and therefore the information requested by Yanero was not relevant to the union's collective bargaining duties.
 
 
 4
 After the employees filed a grievance in January, a meeting was held as called for by the grievance procedures contained in the expired collective bargaining agreement. For reasons which are in dispute, company representatives informed Yanero who arrived at the meeting that he was not allowed to attend.
 
 II.
 
 5
 After expiration of the collective bargaining agreement, a rebuttable presumption that the union represented a majority of the employees in the bargaining unit continued to exist. Terrell Machine Co. v. NLRB, 427 F.2d 1088, 1090 (4 Cir.1970). Ground Breakers has no evidence to establish that it had a good faith doubt of majority support for the union to rebut the presumption. The presumption continued even though this was a multi-employer collective bargaining agreement. NLRB v. Tahoe Nugget, Inc., 584 F.2d 293, 302-94 (9 Cir.1978), cert. denied, 442 U.S. 921 (1979).
 
 
 6
 As a result of the continuing presumption of majority status, Ground Breakers had a continuing obligation to bargain with the union concerning the terms and conditions of employment even after the contract expired. Terrell Machine Co., supra, 427 F.2d at 1090. It also had a duty to maintain the existing terms and conditions of employment after the collective bargaining contract expired until it notified the Union of intended changes and bargained to impasse concerning the proposed changes. NLRB v. Katz, 369 U.S. 736, 743-48 (1962). The record discloses no evidence that Ground Breakers notified the union or bargained with the union regarding any changes in the terms and conditions of employment--including wages and the grievance procedure.
 
 
 7
 Ground Breakers violated its duty to bargain when it refused to provide the union with relevant information necessary for bargaining over and processing the grievances of the two employees in question. An employer must supply a union with requested information that is relevant to the union's performance of its collective bargaining responsibilities. NLRB v. Acme Industrial Co., 385 U.S. 432, 435-37 (1967); NLRB v. Truitt Mfg. Co., 351 U.S. 149 (1956). This obligation to supply information includes information relevant to the processing and evaluation of employee grievances. Walter N. Yoder & Sons, Inc. v. NLRB, 754 F.2d 531, 535 (4 Cir.1985); United Technologies Corp., 274 NLRB 504, 506 (1985). The union need not show that the employees will prevail during the grievance process to establish its right to the requested information. Id. The duty to bargain and the correlative duty to disclose continued after expiration of the contract because Ground Breakers did not rebut the presumption that it was still the exclusive bargaining agent of the employees. Id.; 29 U.S.C. Sec. 158(d).
 
 
 8
 We think that the information requested by the union was relevant to its performance of its duties under the collective bargaining agreement because the grievance procedures and arbitration provisions of the contract remained in force after expiration of the agreement. Nolde Brothers, Inc. v. Local No. 358, Bakery & Confectionary Workers Union, 430 U.S. 243 (1977). In Nolde Brothers, the Court specifically held that the presumption of arbitrability applies to a dispute that occurs after termination of a contract over an alleged breach of the contract that occurred prior to its expiration. Id., 430 U.S. at 254-55. Accord: Emery Air Freight Corp. v. Local Union 295, 786 F.2d 93, 98-99 (2 Cir. 1986); International Brotherhood of Electrical Workers, Local 1228 v. Freedom WLNE-TV, 760 F.2d 8 (1 Cir. 1985); Federated Metals Corp. v. United Steelworkers of America, 648 F.2d 856 (3 Cir. 1981), cert. denied, 454 U.S. 1031 (1981). In fact, Ground Breakers recognized the continued application of the grievance procedures after expiration of the agreement by beginning the initial processing of the grievance.[1]
 
 III.
 
 9
 Ground Breakers also contends that it was not obligated to provide the union with the information it requested because the employees in question, Willoughby and Harrison, failed to file their grievance within a reasonable time. The union, however, was entitled to this information before it was required to overcome procedural obstacles to filing a grievance unless such obstacles were an obvious bar to the grievance at issue. NLRB v. Safeway Stores, Inc., 622 F.2d 425, 428-29 (9 Cir.1980), cert. denied, 450 U.S. 913 (1981); United Technologies, supra, 274 NLRB at 506. In this case, the employees filed their grievance on December 27 for alleged violations of the collective bargaining agreement which occurred from the preceding January through May. This period of delay was not of sufficient duration necessarily to request an arbitrator to find that the grievance was barred as untimely. In addition, exceptions to a defense of an undue delay exist which might have allowed the employees to prevail on the merits. For example, there is evidence in the record that Ground Breakers concealed its contract violations from the union. Thus the delay simply did not warrant Ground Breaker's denial of the information the union had requested.[2]
 
 IV.
 
 10
 An employer who has a duty to bargain with a union must confer with the union's designated agent absent exceptional circumstances. Procter & Gamble Mfg. Co. v. NLRB, 658 F.2d 968, 976 (4 Cir.1981), cert. denied, 459 U.S. 879 (1982). Consequently, an employer may not refuse to meet with the union's designated representative to adjust grievances. Asbestos Workers Local 27, 269 NLRB 718 (1984). While Yanero's purpose for attending the meeting was in dispute, substantial evidence supported the Board's finding that Yanero merely sought to "participate" in the meeting and represent the grievants.
 
 
 11
 A union may waive its Sec. 7 right to representation only if the waiver is clear and unmistakable. Metropolitan Edison Co. v. NLRB, 460 U.S. 693, 706-08 (1983); Native Textiles, 246 NLRB 228, 229 (1979). The contract in this case did not bar persons such as Yanero from attending the meeting or from offering assistance to the grievance committee. Accord: NLRB v. Independent Stave Co., 591 F.2d 443 (8 Cir. 1979), cert. denied, 444 U.S. 829 (1979). The Board's finding that the contract in this case did not waive the Sec. 7 rights of employees was thus reasonable and entitled to substantial deference. NLRB V. C.K. Smith & Co., 569 F.2d 162, 167 (1 Cir.1977), cert. denied, 436 U.S. 957 (1978).
 
 ENFORCEMENT GRANTED.[3]
 
 
 [1]
 In this case the employees grieved after expiration of the contract, but as Ground Breakers points out, the employees had the opportunity to file their grievance prior to expiration of the contract. Unless the employees' grievance is barred because of an unreasonable delay in filing, however/' this distinction does not effect the strong policy preference of federal labor law favoring arbitration which the Supreme Court relied on in Nolde Brothers. This strong policy preference for arbitration certainly applies to this case because rejection of the arbitrability of this dispute would require that the union seek vindication of its contractual rights in federal court
 
 
 [2]
 Ground Breakers also contends that information pertaining to work performed prior to June 19, 1984 was barred by Sec. 10(b) of the Act which states that no unfair labor practice complaint shall issue based on acts which occurred more than six months prior to the filing of a charge with the NLRB. 29 U.S.C. Sec. 160(b). The charge in this case was filed on January 24, 1985. The company committed its unfair labor practices in December and January when it violated its duty to bargain with the union by failing to fulfill requests for information. The complaint was thus timely for purposes of Sec. 10(b)
 
 
 [3]
 The administrative law judge in "The Remedy" section of his decision recommended that the grievance of Willoughby and Harrison be re-referred to step 2 of the grievance procedure after the union was furnished the information it had requested. However, his recommended order did not include this specific provision; nor did the Board's Decision and Order make reference thereto. In granting enforcement of the Board's order, we intend that the grievance of Willoughby and Harrison be re-referred to step 2 of the grievance procedure as recommended by the administrative law judge